

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 24, 1949

Hon. D. C. Greer
State Highway Engineer
Texas Highway Department
Austin, Texas

Opinion No. V-789

Re: The authority of the
Texas Highway Depart-
ment to impose condi-
tions in the issuance
of special permits for
the operation of over-
weight and over-size
vehicles and the effect
of a violation of such
conditions.

Dear Mr. Greer:

You have requested an opinion of the Attor-
ney General as to the legality of the imposition by
the Highway Department of conditions in the issuance
of special permits authorizing the operation of super-
heavy or over-size vehicles over the highways of this
State. You have advised us that it is the practice of
the Department to stamp on the face of each special
permit which is issued the following or similar condi-
tions:

"Full daylight movement only, and then
only when visibility is good and highway
shoulders firm. No part of load or equip-
ment to extend over center of pavement, ex-
cept over narrow structures or short narrow
sections where traffic shall be flagged 300'
in front and rear of load. This load shall
not follow another over-width load closer
than 1000 feet. Permit will become void
if any of above conditions are not complied
with."

You have presented two questions in connec-
tion with the above facts. The first relates to the
authority of the Department to impose such conditions,
and the second with the authority of the State to
prosecute a permittee who violates any of the condi-

tions which the Department has imposed.

Section 2 of Article 827a, V.P.C., reads in part as follows:

"It shall be unlawful. . . for any person to drive . . . any vehicle or vehicles of a size or weight exceeding the limitations stated in this Act. . . or to transport thereon any load or loads exceeding the dimensions or weight prescribed in this Act; provided the Department, acting directly or through its agent or agents designated in each county shall have and is hereby granted authority to grant permits limited to period of ninety (90) days or less for the transportation over State highways of such overweight or oversize or overlength commodities as cannot be reasonably dismantled or for the operation over State highways of super-heavy and oversize equipment for the transportation of such oversize or overweight or overlength commodities as cannot be reasonably dismantled. . ."

Article 6701a, V.C.S., reads in part as follows:

"Sec. 1. When any person, firm or corporation shall desire to operate over a state highway super-heavy or over-size equipment for the transportation of such commodities as cannot be reasonably dismantled, where the gross weight or weights exceeds the limit allowed by law to be transported over a state highway the State Highway Department may, upon application, issue a permit for the operation of said equipment with said commodities, when said State Highway Department is of the opinion that the same may be operated without material damage to the highway. . ."   (Emphasis is added throughout.)

Other sections of Article 6701a provide for the designation of agents by the Highway Department for the issuance of such permits, the form of application to be made, and the posting of an indemnity bond by the permittee. Section 4, in prescribing the form of the permit, specifically provides, among other

things, as follows:

> "(d)  It shall state any <u>conditions</u>
> <u>upon which</u> the permit is <u>issued</u>."

By the use of the word "may" in the first section of Article 6701a the Legislature obviously intended the grant of discretionary authority to the Highway Department in the issuance of such permits.  Having this discretionary authority, reasonable conditions may be imposed.  Furthermore the Legislature, in prescribing the form to be used in issuing such a permit, specifically provided for the imposition of conditions in its issuance.

The conditions which may be imposed must be reasonable and bear a direct relationship to the safety of the travelling public and permittee and to the physical maintenance of the highways to be traversed.

You are therefore advised in answer to your first question that reasonable conditions may be imposed in the issuance of those permits authorized by the above statutes.

The second question presented relates to the power of the State to prosecute a permittee for violation of any condition which has been imposed.  It is to be observed that neither the criminal statute (Art. 827a), nor the civil statute (Art. 6701a), contain any penalty for the violation by a permittee of any condition which may be imposed.

Article 3, V.P.C., is a positive declaration by the Legislature that, before an act or omission constitutes a penal offense, it must be made so by the written law of the State.  <u>Williams v. State,</u> 146 Tex. Cr. Rep. 430, 176 S. W. (2d) 177 (1943).  Therefore, if any prosecution is authorized for the violation of the conditions imposed it must be under the general penal statutes.  That is, unless the permittee may be charged with operating an over-size, super-heavy, or over-width vehicle upon the highway, no prosecution and conviction may be had.

In our opinion, once having been granted a special permit, the violation of an imposed condition would not have the effect of subjecting the per-

mittee to prosecution under the general penal statutes. Article 3 of the Penal Code prohibits the Highway Department from providing that the violation of any condition imposed shall render the permit void and thereby subject the holder to prosecution for operating without a permit. Williams v. State, supra.

You are accordingly advised that inasmuch as the statute does not provide a penalty for the violation of a condition imposed in the issuance of such a permit no prosecution may be had for the violation thereof. However, in view of the fact that the power of the Department to issue such permits is discretionary, there remains a prospective means of enforcement by refusing permits to flagrant violators of the conditions imposed.

## SUMMARY

The Texas Highway Department may impose reasonable conditions in the issuance of special permits authorizing the operation of over-size, super-heavy and over-width vehicles. Art. 827a, Sec. 2, V.P.C.; Art. 6701a, V.C.S. But inasmuch as no penalty is provided for by statute for the violation of such conditions, no prosecution is authorized against the permittee for a violation thereof. Art. 3, V.P.C.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By _Charles E. Crenshaw_
Charles E. Crenshaw
Assistant

CEC/lg

APPROVED:

_Joe R. Greenhill_
FIRST ASSISTANT ATTORNEY GENERAL